<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI ASHKENAZI, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>CERTIFIED CREDIT & COLLECTIONS BUREAU,<br><br>*Defendant.* | Civil Action Nos.:<br>3:14-cv-7627(PGS)(LHG)<br>3:15-cv-118<br>3:15-cv-214<br>3:15-cv-1871<br><br><u>MEMORANDUM</u><br><u>AND</u><br><u>ORDER</u> |

**SHERIDAN, District Judge.**

Eli Ashkenazi, et al. ("Plaintiffs") bring claims under the Fair Debt Collection Practices Act ("FDCPA") against Certified Credit & Collections Bureau ("Certified Credit"). On June 19, 2015, the Court consolidated the Ashkenazi matter with several other cases. (ECF No. 19). On January 26, 2016, this Court entered an Order denying Defendant's motion for judgment on the pleadings. (ECF No. 30). Defendant now files a motion seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b), in order to certify a matter for appeal, the movant must establish three criteria:

(1) A controlling question of law,

(2) As to which there is substantial ground for difference of opinion, and

(3) An immediate appeal may materially advance the ultimate termination of the

litigation.

1

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

The District Court has discretion on whether to grant certification. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). The party requesting the appeal must show that these three criteria are met. *See Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 385 (M.D. Pa. 2007). Certification was not meant "to provide early review of difficult rulings in hard cases." *Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*, 2011 WL 601585, *2 (D.N.J. Feb. 17, 2011), quoting *German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

In this context, a controlling question of law means "every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "Controlling" is defined as "serious to the conduct of the litigation, either practically or legally." *Id.* Under the second factor, the difference of opinion "must arise out of genuine doubt as to the correct legal standard." *P. Schoenfeld Asset Mgmt. v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). Simply disagreeing with the ruling does not satisfy this standard. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). Generally, "issues of fact are not an appropriate basis for an interlocutory appeal." *Truong v. Kartzman*, 2007 WL 1816048, at *3 (D.N.J. June 22, 2007).

Defendant distinguishes this case from *Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013). In *Caprio*, the letter asked the consumer to call the debt collector if the consumer sought to dispute the debt, while the letter here merely advises the consumer to call if there is a discrepancy, such as errors in the consumer's name, address, and the like. The Certified Credit letter does not give the consumer the ability to orally dispute the debt, unlike in *Caprio*, according to Defendant. Plaintiff responds that the issue in *Caprio* was whether the "please call" language overshadowed the requirement that the dispute notice be in writing.

The Court agrees that *Caprio* concerned whether the "please call" language overshadowed the writing requirement. It is not clear why Defendant believes the letter in this case only advises the consumer to call if there is a discrepancy, such an address change; the letter seems to concern disputes, just like in *Caprio*. In *Caprio*, the Third Circuit held that the letter was "deceptive because 'it can reasonably read to have two or more different meanings, one of which is inaccurate.'" 709 F.3d at 152. The Third Circuit determined that the "least sophisticated consumer" could reasonably read that letter to permit dispute of the debt by calling. *Id.* at 151. Similarly here, the least sophisticated consumer could reasonably believe that he could sufficiently dispute the debt by calling. Moreover, the phone number is printed in the body of the letter twice, and Certified Credit's address is not in the body at all.

Defendant also asserts that there is a substantial ground for difference of opinion since courts in this district are split on the matter. The court in *Watson v. Certified Credit & Judgment Bureau*, 2009 WL 3068387 (D.N.J. Sept. 23, 2009) found no violation, and explained:

> …merely advising the debtor of remedying potential errors of debt assessment and notice does not in itself violate provisions of the FDCPA. The language at issue, "if you believe that these services should be covered by your insurance company please call your insurance carrier immediately," is sufficient to provide notice of the debt and insufficient upon which to build an actionable violation of the FDCPA."

*Id.* at *2. In opposition, Plaintiffs emphasize that *Watson* was decided before the *Caprio* decision.

Defendant also claims that granting the certification will materially advance the litigation's ultimate termination because it will eliminate trial and avoid discovery. Also, allowing for an appeal would not cause undue delay because it is not the eve of trial and discovery has not begun in the consolidated cases, according to Defendant. *See Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 212 (D.N.J. 1996) (explaining that "[d]elay is a particularly

3

strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (internal quotations and citations omitted)).

However, the Court finds that the *Caprio* decision speaks directly to this matter, and a least sophisticated consumer could plausibly be misled by the letter. As such, the Court does not see a need for an interlocutory appeal.

### ORDER

THIS MATTER having been brought before the Court on the Motion for a Certificate of Appealability by Defendant Certified Credit & Collection Bureau [ECF No. 13]; and after considering the submissions of the parties, for the reasons stated above, and for good cause shown:

IT IS, on this _____29_____ day of March, 2016;

**ORDERED**, that Defendant's Motion is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.

4